No. 21-35480

---

IN THE UNITED STATES CIRCUIT COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

SAVE THE BULL TROUT, ET AL.,
Plaintiffs-Appellants

v.

MARTHA WILLIAMS, ET AL.
Defendants-Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

---

# PETITION FOR REHEARING

---

REBECCA K. SMITH
Public Interest Defense Center
PO Box 7584
Missoula, MT 59807
(406) 531-8133
publicdefense@gmail.com

TIMOTHY M. BECHTOLD
Bechtold Law Firm, PLLC
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

Attorneys for Appellants

# I. INTRODUCTION

On September 28, 2022, this Court issued an Opinion, Dkt Entry 46-1, which was amended on November 1, 2022, Dkt Entry 47. This Court's Opinion states that it "affirmed" the district court; however, that characterization is factually and legally inaccurate, and for this reason Appellants file this petition for rehearing.

The district court issued an order finding that res judicata did not apply to this case. *Save the Bull Trout v. Skipwith*, 2020 WL 2213557, at *7 (D. Mont. May 6, 2020), *report and recommendation adopted*, 2020 WL 4345324 (D. Mont. July 29, 2020). The district court subsequently addressed the merits of the case, and issued summary judgment on the merits in the government's favor. *Save Bull Trout v. Williams*, 544 F. Supp. 3d 1047 (D. Mont. 2021). In contrast, this Court issued an Opinion finding that res judicata does apply to this case and declining to address the merits of the case. Dkt Entry 47. Nonetheless, this Court's Opinion states that the district court is "affirmed." *Id.*

Therefore, Appellants respectfully request that this Court amend its Opinion to clarify that the district court's order regarding res judicata, found at 2020 WL 4345324, is reversed, and the case is dismissed for lack of jurisdiction. Furthermore, because this Court found that res judicata applies here, the district court never had jurisdiction to decide the merits in a summary judgment order;

thus, the district court's summary judgment order, found at 544 F. Supp. 3d 1047, must be vacated pursuant to well-established law.

## II. ARGUMENT

Under this Court's rules, a panel rehearing should be granted if a material point of fact or law was overlooked in the decision. *See* Fed.R.App.P 40; 9th Cir. R. 40-1. In this case, this Court's Opinion finding that res judicata applies to this case reverses the district court's first order, and requires vacatur of the district court's second order. These material points of fact and/or law are overlooked in the Court's Opinion and are not accurately conveyed by a statement that the district court judgment is "affirmed."

### A. This Court's finding that res judicata applies is a reversal of the district court's first order.

In its Opinion, this Court held: "Plaintiffs' challenge to the 2015 Bull Trout Recovery Plan is precluded because the Oregon litigation was a final judgment on the merits of their claims." Dkt Entry 46-1 at 13. In contrast, the district court held:

> Judge DeSoto determined that claim preclusion does not apply, determining that the prior action did not have preclusive effect when Plaintiffs' ESA claims were dismissed without prejudice and for lack of jurisdiction. Federal Defendants object, arguing that Judge DeSoto misinterpreted the District of Oregon proceeding. (Doc. 13.) Plaintiffs have filed a reply to Defendants' Objection. (Doc. 14.) Reviewing de novo, the Court reaches the same conclusion as Judge DeSoto, overruling Defendants' Objection.

*Save the Bull Trout v. Skipwith*, 2020 WL 4345324, at *1 (D. Mont. July 29, 2020). Thus, the district court found that this challenge was not precluded. *Id.*

By reaching the contrary conclusion on appeal, this Court's Opinion effectively reverses the district court's order on res judicata. Accordingly, Appellants respectfully request that this Court issue an amended Opinion stating that the district court's res judicata order, found at *Save the Bull Trout v. Skipwith*, 2020 WL 4345324 (D. Mont. July 29, 2020), is reversed.

**B. This Court's finding that res judicata applies strips the courts of jurisdiction to hear this case and therefore requires vacatur of the district court's summary judgment decision on the merits.**

The district court – operating under the assumption that res judicata did not apply – proceeded to determine the merits of this case. *Save Bull Trout v. Williams*, 544 F. Supp. 3d 1047 (D. Mont. 2021). However, now that this Court has found that res judicata does apply to this case, Dkt Entry 46-1 at 13, the district court's summary judgment order on the merits must be vacated.

In a recent case, this Court held: "The district court lacked jurisdiction to resolve Plaintiffs' claims . . . . We therefore vacate the district court's judgment dismissing those claims *on the merits* and remand with instructions to dismiss them *for lack of subject-matter jurisdiction*." *Martinez v. Newsom*, 46 F.4th 965, 976 (9th Cir. 2022)(emphases added).

The same result is required here. The district court's summary judgment

decision on the merits must be vacated, and instead the case must be dismissed for lack of jurisdiction; this is well-established law. *See, e.g., MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987) ("If a district court grants summary judgment in a case over which it does not have... jurisdiction, the court of appeals must vacate the judgment..."); *Orff v. United States*, 358 F.3d 1137, 1149–1150 (9th Cir. 2004) (holding that, because the district court lacked jurisdiction "at the outset," the court's "rulings on the merits... were nullities" that the appeals court "must vacate") (citations omitted); *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011) (appeals court "must vacate" district court's disposition where entered notwithstanding the absence of jurisdiction); *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983) ("an appellate court affirming the conclusion that jurisdiction is lacking should vacate the summary judgment and remand for entry of judgment of dismissal"); *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1044 (9th Cir, 2011) ("any decision on the merits must be vacated" where such decision was entered notwithstanding lack of jurisdiction). The Court's Opinion overlooks this material and well-established point of law.

## III. CONCLUSION

For the above-stated reasons, Appellants respectfully request that the Court issue an amended Opinion clarifying that (1) the district court's res judicata order at 2020 WL 4345324 is reversed, and (2) the district court's summary judgment

order at 544 F. Supp. 3d 1047 is vacated.

Respectfully submitted this 10th Day of November, 2022.

*/s/ Rebecca K. Smith*
REBECCA K. SMITH
Public Interest Defense Center

TIMOTHY M. BECHTOLD
Bechtold Law Firm
Attorneys for Appellants

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing petition contains 974 words, which is within the 4,200 word limit set by Circuit Rule 40-1 (a), excluding the cover, certificates of compliance and service, and signature blocks.

*/s/ Rebecca K. Smith*
REBECCA K. SMITH
Public Interest Defense Center

TIMOTHY M. BECHTOLD
Bechtold Law Firm

Attorneys for Appellants

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on November 10, 2022. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Rebecca K. Smith*
REBECCA K. SMITH
Public Interest Defense Center

TIMOTHY M. BECHTOLD
Bechtold Law Firm

Attorneys for Appellants

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAVE THE BULL TROUT; FRIENDS OF THE WILD SWAN; ALLIANCE FOR THE WILD ROCKIES,<br>*Plaintiffs-Appellants*,<br><br>v.<br><br>MARTHA WILLIAMS, in her official capacity as Principal Deputy Director of the U.S. Fish and Wildlife Service; DEB HAALAND, in her official capacity as Secretary of the Department of Interior,<br>*Defendants-Appellees*. | No. 21-35480<br><br>D.C. No. 9:19-cv-00184-KLD<br><br>OPINION |

Appeal from the United States District Court
for the District of Montana
Kathleen Louise DeSoto, Magistrate Judge, Presiding

Argued and Submitted August 31, 2022
Seattle, Washington

Filed September 28, 2022

Before: Michael Daly Hawkins, M. Margaret McKeown, and Gabriel P. Sanchez, Circuit Judges.

Opinion by Judge Hawkins

## SUMMARY*

### Standing / Claim Preclusion

The panel affirmed the district court's judgment in favor of the U.S. Fish and Wildlife Service based on claim preclusion in an action brought by plaintiff environmental groups, challenging the Service's 2015 Bull Trout Recovery Plan (the "Plan") under the citizen-suit provision of the Endangered Species Act ("ESA").

After the Oregon district court dismissed their initial complaint alleging claims concerning the Plan, two of the three plaintiffs in this action (Friends of the Wild Swan and Alliance for the Wild Rockies) elected not to amend to fix the deficiencies identified in the court's order. Instead, plaintiffs appealed, and after losing on appeal, they sought to amend their complaint. The district court denied their motion to amend and found no grounds to reopen the judgment. Rather than appealing that determination, plaintiffs initiated a new action in the District of Montana raising a challenge to the legality of the Plan. The Montana district court declined to dismiss on the basis of claim preclusion, but granted summary judgment in favor of the Service on the merits of plaintiffs' challenges.

The panel held that Friends of the Wild Swan and Alliance for the Wild Rockies had standing to challenge the Plan. Plaintiffs asserted a procedural injury. Their member declarations established ongoing aesthetic, recreational, and conservation interests in bull trout. The procedures outlined

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Case: 21-35480, 01/18/2022, ID: 12558...8, DktEntry: 48-1, Page 13 of 42



in Section 1533(f) of the ESA served to protect these interests by requiring the implementation of a bull trout recovery plan. Because plaintiffs established a procedural injury, they had standing as long as there was some possibility that the requested relief—revision of the Plan—would redress their alleged harms. The panel held that this benchmark was clearly met.

Claim preclusion is a doctrine that bars a party in successive litigation from pursuing claims that were raised or could have been raised in a prior action. As a threshold matter, the Service was not obligated to file a cross-appeal to raise the issue. Here, the Service offered claim preclusion as an alternate basis for affirming the district court's judgment. The panel held that because the Service raised claim preclusion before the district court and in its briefing on appeal, the issue was properly before the court.

The panel next addressed claim identity and privity. First, the claims at issue are the same where plaintiffs challenge the legality of the Plan under Section 1533(f) of the ESA just as they did in the Oregon litigation. The plaintiffs' additional claims rest on theories that they indisputably could have included in an amended complaint in Oregon. Second, Save the Bull Trout is in privity with Friends of the Wild Swan and Alliance of the Wild Rockies, which were both parties in the Oregon action. Plaintiffs have never disputed that the three organizations share the required common interest in wildlife and habitat conservation. Finally, the panel held that plaintiffs' challenge to the Plan was precluded because the Oregon litigation was a final judgment on the merits of their claims. A second adjudication is precisely what plaintiffs attempted here. That the Oregon district court applied the more stringent standard for relief from judgment in denying plaintiffs' post-

Case: 21-35480, 09/28/2022, ID: 12558188, DktEntry: 48-1, Page 12 of 42



appeal motion for leave to amend did not alter the panel's conclusion. The panel noted that contrary to plaintiffs' argument, the Oregon district court's dismissal of the original complaint reached the merits of those claims. Dismissal for failure to state a claim is a judgment on the merits for purposes of claim preclusion. The judgment on the merits became final and preclusive when plaintiffs abandoned their opportunity to amend.

Because the panel affirmed on the basis of claim preclusion, the panel did not pass judgment on the merits of plaintiffs' claims or the district court's assessment of them.

---

## COUNSEL

Rebecca K. Smith (argued), Public Interest Defense Center, Missoula, Montana; Timothy M. Bechtold, Bechtold Law Firm PLLC, Missoula, Montana; for Plaintiffs-Appellants.

Dina B. Mishra (argued), Kevin McArdle and Anthony D. Ortiz, Attorneys; Todd Kim, Assistant Attorney General; Environment and Natural Resources Division, United States Department of Justice, Washington, D.C.; Frank S. Wilson, Linus Y. Chen, and Kara M. Borden, Attorneys; United States Department of the Interior, Washington, D.C.; for Defendants-Appellees.

Elizabeth Forsyth, Earthjustice, Seattle, Washington; Thomas J. Preso, Earthjustice, Bozeman, Montana; for Amici Curiae Center for Biological Diversity, Defenders of Wildlife, and Sierra Club.

Case: 21-35480, 01/18/2022, ID: 12341308, DktEntry: 48-1, Page 13 of 42



## OPINION

HAWKINS, Circuit Judge:

Plaintiffs Save the Bull Trout, Friends of the Wild Swan, and Alliance for the Wild Rockies challenge the United States Fish and Wildlife Service's ("Service") 2015 Bull Trout Recovery Plan under the citizen-suit provision of the Endangered Species Act ("ESA"). It is not Plaintiffs' first time bringing such a challenge.[1] After the Oregon district court dismissed their initial complaint alleging claims concerning the Plan, Plaintiffs elected not to amend to fix the deficiencies identified in the court's order. Instead, Plaintiffs appealed, and only after losing on appeal did they pursue amending their complaint. The Oregon district court denied their motion to amend, finding no grounds for reopening the judgment. Rather than appealing that determination, Plaintiffs initiated a new action in the District of Montana, pressing the same fundamental challenge to the legality of the Bull Trout Recovery Plan.

We conclude that Plaintiffs' claims are precluded and accordingly affirm the Montana district court's judgment in favor of the Service.

## BACKGROUND

The ESA is "a comprehensive scheme with the 'broad purpose' of protecting endangered and threatened species." *Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, 698 F.3d 1101, 1106 (9th Cir. 2012) (quoting *Babbitt v. Sweet Home Chapter of Cmtys. for a Great Or.*, 515 U.S.

[1] As explained below, while Save the Bull Trout was not part of the Oregon litigation, Plaintiffs have never disputed that it is in privity with Friends of the Wild Swan and Alliance for the Wild Rockies.

687, 698 (1995)). The ESA's citizen-suit provision empowers "any person" to "commence a civil suit on his own behalf" against "the Secretary where there is alleged a failure of the Secretary to perform any act or duty under section 1533 . . . which is not discretionary with the Secretary." 16 U.S.C. § 1540(g)(1)(C).

The Act requires the Service to develop a recovery plan "unless [the Secretary] finds that such a plan will not promote the conservation of the species." *Id.* § 1533(f)(1). It further instructs that in a recovery plan, the Service "shall, to the maximum extent practicable," incorporate the following:

> (i) a description of such site-specific management actions as may be necessary to achieve the plan's goal for the conservation and survival of the species;
>
> (ii) objective, measurable criteria which, when met, would result in a determination, in accordance with the provisions of this section, that the species be removed from the list; and
>
> (iii) estimates of the time required and the cost to carry out those measures needed to achieve the plan's goal and to achieve intermediate steps toward that goal.

*Id.* §§ 1533(f)(1)(B)(i)–(iii). When a species has recovered such that it is no longer threatened or endangered, the Secretary has authority to delist that species by publishing notice of a proposed regulation that concludes delisting is

appropriate in light of the same five factors considered for listing. *Id.* § 1533(c)(2)(B); *see id.* § 1533(a)(1).

Bull trout (Salvelinus confluentus) are native to waters of western North America. All populations of bull trout in the coterminous United States have been listed as threatened since November 1999. After several draft recovery plans and a suit challenging the Service's failure to finalize a plan, the Service released the Bull Trout Recovery Plan in 2015. Briefly stated, the Plan's recovery strategy focuses on "effectively manag[ing]" primary threats across designated core areas in six recovery units, which are bull trout population units across different geographical areas.

Two of the three Plaintiffs here, Friends of the Wild Swan and Alliance for the Wild Rockies (collectively, "Friends"), previously brought suit in the District of Oregon, also challenging the 2015 Bull Trout Recovery Plan. The Oregon district court determined that Friends failed to state a claim for violation of a nondiscretionary duty and noted that "[t]he consequence of this particular type of failure to state a claim is that this Court lacks jurisdiction over the claims under the citizen-suit provision." *Friends of the Wild Swan, Inc. v. Thorson*, 260 F. Supp. 3d 1338, 1343 (D. Or. 2017). Accordingly, the court dismissed the ESA claims for lack of jurisdiction but granted Friends leave to amend. *Id.* at 1345. Friends declined to amend, and the Oregon district court entered judgment.

Friends then appealed the Oregon dismissal to this Court, and we affirmed. *Friends of the Wild Swan, Inc. v. Dir. of United States Fish & Wildlife Serv.*, 745 F. App'x 718 (9th Cir. 2018). On appeal, Friends argued for the first time that the Service failed to perform a nondiscretionary duty to account for the five statutory delisting factors in the Plan's recovery criteria ("Additional Claims"). *Id.* at 720. We

Case: 21-35480, 01/18/2022, ID: 12341392, DktEntry: 48-1, Page 16 of 42



refused to address these Additional Claims, noting that Friends had declined the opportunity to amend their complaint in the district court and instead chose to appeal. *Id.*

Friends then returned to the Oregon district court and filed a motion under Federal Rules of Civil Procedure 60(b) and 15, seeking to amend their complaint to assert the Additional Claims. The magistrate judge found that Plaintiffs could not meet the Rule 60(b) standard to set aside the judgment and accordingly recommended denial of their motion. However, the magistrate judge suggested that a denial "[would] not effectively dismiss [Friends'] claims with prejudice" and that Friends could "replead their first eight claims to survive a motion to dismiss, and then be heard on the merits." The district court adopted the magistrate judge's findings and recommendation "in full" but declined Friends' request to affirm the magistrate judge's comments about the effect of the decision on a future suit. The court found that the magistrate judge "made no predetermination of [Friends'] ability to be heard on the merits" of a new complaint.

Friends declined to appeal the denial of their motion to amend. Instead, they added Save the Bull Trout as a plaintiff and initiated a new action, this time in the District of Montana, again challenging the Service's compliance with the ESA in creating the 2015 Bull Trout Recovery Plan. Although the Montana district court denied the Service's motion to dismiss on the basis of claim preclusion, finding that the Oregon litigation was not a "final judgment on the merits," the court later granted summary judgment in favor of the Service on the merits of Plaintiffs' challenges. The court found that the Service met its obligation to include

"objective, measurable criteria" in the Plan and rejected Plaintiffs' statutory interpretation arguments.

Plaintiffs timely appealed.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291. We apply a de novo standard of review to standing, *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 705 (9th Cir. 2020), along with claim preclusion, *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019).

## DISCUSSION

We first address the Service's challenge to Plaintiffs' standing to sue before explaining why Plaintiffs' claims are precluded.

### I. STANDING

Friends of the Wild Swan and Alliance for the Wild Rockies have standing to challenge the 2015 Bull Trout Recovery Plan.[2] An organization has standing to sue on behalf of its members where "its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Friends*

[2] While Save the Bull Trout did not submit standing declarations, as Friends did, "in an injunctive case this court need not address standing of each plaintiff if it concludes that one plaintiff has standing." *See Townley v. Miller*, 722 F.3d 1128, 1133 (9th Cir. 2013) (quoting *Nat'l Ass'n of Optometrists & Opticians LensCrafters, Inc. v. Brown*, 567 F.3d 521, 523 (9th Cir. 2009)).

Case: 21-35448, 09/28/2022, ID: 12551428, DktEntry: 46-1, Page 18 of 42



*of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). Only the first element is disputed. To meet Article III's standing requirements, a plaintiff must show:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 180–81; *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

Plaintiffs here assert a procedural injury, which requires them to show "that the procedures in question are designed to protect some threatened concrete interest of [theirs] that is the ultimate basis of [their] standing." *Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1225 (9th Cir. 2008) (quoting *Citizens for Better Forestry v. U.S. Dep't of Agric.*, 341 F.3d 961, 969 (9th Cir. 2003)). After a procedural injury has been established, the requirements of causation and redressability are "relaxed." *Id.* at 1229. Plaintiffs have standing if "there is some possibility that the requested relief will prompt the injury-causing party to reconsider" its actions. *Massachusetts v. E.P.A.*, 549 U.S. 497, 518 (2007).

Friends of the Wild Swan and Alliance for the Wild Rockies have standing. Their member declarations establish ongoing aesthetic, recreational, and conservation interests in bull trout. *See Lujan*, 504 U.S. at 562–63 ("[T]he desire to use or observe an animal species, even for purely esthetic

Case: 21-35480, 09/28/2022, ID: 12551828, DktEntry: 46-1, Page 19 of 42



purposes, is undeniably a cognizable interest for purpose of standing."). The procedures outlined in Section 1533(f) of the ESA serve to protect these interests by requiring the creation and implementation of a bull trout recovery plan, which the Service describes as "one of the most important tools to ensure sound scientific and logistical decision-making throughout the recovery process."

Because Plaintiffs have established a procedural injury, they have standing as long as there is "some possibility" that the requested relief—revision of the Bull Trout Recovery Plan—will redress their alleged harms. *See Massachusetts*, 549 U.S. at 518. This benchmark is clearly met. The Service calls recovery plans "a road map for species recovery," laying out "where we need to go and how best to get there." While recovery plans ultimately do not bind the Service, *see Conservation Cong. v. Finley*, 774 F.3d 611, 614 (9th Cir. 2014), Plaintiffs need only show that a new plan "may influence" the Service's actions with respect to bull trout conservation, *see Salmon Spawning*, 545 F.3d at 1226–27 (noting that redressability of a procedural injury can often be established "with little difficulty"). Plaintiffs have met this mark.

## II. CLAIM PRECLUSION

Claim preclusion is a doctrine that "bars a party in successive litigation from pursuing claims that 'were raised or could have been raised in a prior action.'" *Media Rts.*, 922 F.3d at 1020 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)) (formatting omitted). It serves to "protect against 'the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008))

Case 21-35480, 09/28/2022, ID: 12551898, DktEntry: 46-1, Page 20 of 42



(formatting omitted). Claim preclusion applies where "the earlier suit (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)) (formatting omitted). The party seeking to invoke claim preclusion bears the burden of establishing these elements. *Media Rts.*, 922 F.3d at 1020–21.

As a threshold matter, the Service was not obligated to file a cross-appeal to raise this issue before us. A cross-appeal is necessary only where a party "attack[s] the decree" of the lower court either to enlarge its own rights or lessen the rights of an adversary. *Jennings v. Stephens*, 574 U.S. 271, 276 (2015) (quoting *United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924)). Here, the Service offers claim preclusion as an alternate basis for affirming the district court's judgment. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (noting the court "may affirm on any ground supported by the record"); *see also Jennings*, 574 U.S. at 276 (noting argument without a cross-appeal may permissibly "involve an attack upon the reasoning of the lower court" (quoting *Am. Ry. Express*, 265 U.S. at 435)). Because the Service raised claim preclusion before the district court and in its briefing on appeal, this issue is properly before us.

### A. Claim Identity and Privity Are Met

Before turning to the only disputed element—whether there was a final judgment on the merits in Oregon—we

Case: 21-35480, 01/28/2022, ID: 12355842, DktEntry: 46-1, Page 21 of 42



briefly address claim identity and privity.[3] Both elements are met. First, the claims at issue are the same: Plaintiffs challenge the legality of the 2015 Bull Trout Recovery Plan under Section 1533(f) of the ESA just as they did in the Oregon litigation. The Plaintiffs' Additional Claims rest on theories that they indisputably could have included in an amended complaint in Oregon. *See Mpoyo*, 430 F.3d at 988 ("Different theories supporting the same claim for relief must be brought in the initial action." (quoting *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992))). Second, Save the Bull Trout is in privity with Friends of the Wild Swan and Alliance for the Wild Rockies, which were both parties in the Oregon action. Plaintiffs have never disputed that the three organizations share the required common interest in wildlife and habitat conservation. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("[P]rivity may exist if 'there is substantial identity between parties, that is, when there is sufficient commonality of interest.'" (quoting *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983))).

With claim identity and privity met, we turn to the only disputed element: whether there was a final judgment on the merits in the Plaintiffs' suit in Oregon.

### B. There Was a Final Judgment on the Merits in Oregon

Plaintiffs' challenge to the 2015 Bull Trout Recovery Plan is precluded because the Oregon litigation was a final judgment on the merits of their claims. We have applied claim preclusion to bar the subsequent filing of claims that

[3] Plaintiffs failed to contest these elements before the district court or in their briefing before us.

were subject to the denial of leave to amend even where the denial was based on dilatoriness rather than the merits. *Mpoyo*, 430 F.3d at 989. A contrary holding, we reasoned, would "create incentive for plaintiffs to hold back claims and have a second adjudication." *Id.* A second adjudication is precisely what Plaintiffs attempt here. Initially declining the opportunity to amend their Oregon complaint to add the Additional Claims, they instead decided to pursue an appeal. Only after losing on appeal did they move to amend their complaint, but the district court denied that motion. It is immaterial that the court's decision was unrelated to the merits of the Additional Claims. *See Mpoyo*, 430 F.3d at 989.

That the Oregon district court applied the more stringent standard for relief from judgment in denying Plaintiffs' post-appeal motion for leave to amend does not alter our conclusion. *See Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (contrasting the "freely given" leave to amend with the "sparing[]" reopening of judgment (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)) (formatting omitted)). Friends' own strategic choices created that result. When they appealed the district court's original dismissal of their complaint rather than amending, Friends took on the risk that we would affirm and leave the judgment against them intact.[4] Now they must live with the consequences of

[4] Plaintiffs make much of the Oregon magistrate judge's indication that despite the denial of leave to amend, Friends would be able to replead their ESA claims and be heard on the merits. This comment does not alter our conclusion for two reasons. First, the district court refused to reaffirm the statement as Friends requested, instead indicating that the magistrate judge "made no predetermination" of their ability to proceed in a new suit. This correction put Friends on notice that they should not rely on the magistrate judge's assessment. Second, as the Supreme Court

Case: 21-35580, 09/13/2022, ID: 12538428, DktEntry: 48-1, Page 23 of 42



their choice. *See Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 11 (1st Cir. 2010) ("[C]laim preclusion doctrine requires [a party] to live with [its strategic] choices."). Appeal was the "only recourse" available to Friends after the district court denied their motion to amend. *See Johnson v. SCA Disposal Servs. of New England, Inc.*, 931 F.2d 970, 976 (1st Cir. 1991). Yet they declined to appeal, instead initiating a new action.

Finally, we note that contrary to Plaintiffs' argument, the Oregon district court's dismissal of their original complaint reached the merits of those claims. The ESA's citizen-suit provision only confers jurisdiction over challenges alleging the Service's failure to perform a nondiscretionary duty. *See* 16 U.S.C. § 1540(g)(1)(C). As a result, federal courts must assess the merits of an ESA claim in order to determine their jurisdiction over it. *See Coos Cnty. Bd. of Cnty. Comm'rs v. Kempthorne*, 531 F.3d 792, 802–03 (9th Cir. 2008) (noting that in the ESA context, the Rule 12(b)(6) analysis of whether a plaintiff has stated a claim is concurrent with the Rule 12(b)(1) analysis of subject matter jurisdiction). In other words, the Oregon district court had to analyze whether Friends plausibly alleged that the Service failed to comply with a nondiscretionary duty in order to determine whether there was jurisdiction. The court's order clarifies the relationship between its merits determination and its jurisdictional determination: the court noted that "[t]he consequence of this particular type of failure to state a claim is that this Court lacks jurisdiction over the claims under the citizen-suit provision." *Friends of the Wild Swan*, 260 F.

---

has noted, "[A] court adjudicating a dispute may not be able to predetermine the res judicata effect of its own judgment." *See Medellin v. Texas*, 552 U.S. 491, 513 n.9 (2008) (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 805 (1985)). Such was the case here.

Case: 21-35480, 09/28/2022, ID: 12551898, DktEntry: 46-1, Page 24 of 26



Supp. 3d at 1343. Dismissal for failure to state a claim is a judgment on the merits for purposes of claim preclusion. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). The judgment on the merits became final and preclusive when Friends abandoned their opportunity to amend. *See Muhammad v. Oliver*, 547 F.3d 874, 876 (7th Cir. 2008) ("[W]hen a suit is abandoned after an adverse ruling against the plaintiff, the judgment ending the suit, whether or not it is with prejudice, will generally bar bringing a new suit that arises from the same facts as the old one.").

## CONCLUSION

Plaintiffs are not entitled to a do-over. They must bear the consequences of their strategic choices in the Oregon litigation. Because we affirm on the basis of claim preclusion, we pass no judgment on the merits of Plaintiffs' claims or the district court's assessment of them.

**AFFIRMED.**

**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAVE THE BULL TROUT; FRIENDS OF THE WILD SWAN; ALLIANCE FOR THE WILD ROCKIES,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>MARTHA WILLIAMS, in her official capacity as Principal Deputy Director of the U.S. Fish and Wildlife Service; DEB HAALAND, in her official capacity as Secretary of the Department of Interior,<br><br>Defendants-Appellees. | No. 21-35480<br><br>D.C. No. 9:19-cv-00184-KLD<br><br>ORDER AND AMENDED OPINION |

Appeal from the United States District Court
for the District of Montana
Kathleen Louise DeSoto, Magistrate Judge, Presiding

Argued and Submitted August 31, 2022
Seattle, Washington

Before: HAWKINS, McKEOWN, and SANCHEZ, Circuit Judges.

Order;
Opinion by Judge Hawkins

## SUMMARY*

### Standing / Claim Preclusion

The panel filed (1) an order amending the opinion filed on September 28, 2022; and (2) an amended opinion affirming the district court's judgment in favor of the U.S. Fish and Wildlife Service based on claim preclusion in an action brought by plaintiff environmental groups, challenging the Service's 2015 Bull Trout Recovery Plan (the "Plan") under the citizen-suit provision of the Endangered Species Act ("ESA").

After the Oregon district court dismissed their initial complaint alleging claims concerning the Plan, two of the three plaintiffs in this action (Friends of the Wild Swan and Alliance for the Wild Rockies) elected not to amend to fix the deficiencies identified in the court's order. Instead, plaintiffs appealed, and after losing on appeal, they sought to amend their complaint. The district court denied their motion to amend and found no grounds to reopen the judgment. Rather than appealing that determination, plaintiffs initiated a new action in the District of Montana raising a challenge to the legality of the Plan. The Montana district court declined to dismiss on the basis of claim preclusion, but granted summary judgment in favor of the Service on the merits of plaintiffs' challenges.

The panel held that Friends of the Wild Swan and Alliance for the Wild Rockies had standing to challenge the Plan. Plaintiffs asserted a procedural injury. Their member declarations established ongoing aesthetic, recreational, and conservation interests in bull trout. The procedures outlined in Section 1533(f) of the ESA served to protect these interests by requiring the implementation of a bull trout recovery plan. Because plaintiffs established a procedural injury, they had standing as long as there was some possibility that the requested relief—revision of the Plan—would redress their alleged harms. The panel held that this benchmark was clearly met.

Claim preclusion is a doctrine that bars a party in successive litigation from pursuing claims that were raised or could have been raised in a prior action. As a threshold matter, the Service was not obligated to file a cross-appeal to raise the

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

issue. Here, the Service offered claim preclusion as an alternate basis for affirming the district court's judgment. The panel held that because the Service raised claim preclusion before the district court and in its briefing on appeal, the issue was properly before the court.

The panel next addressed claim identity and privity. First, the claims at issue are the same where plaintiffs challenge the legality of the Plan under Section 1533(f) of the ESA just as they did in the Oregon litigation. The plaintiffs' additional claims rest on theories that they indisputably could have included in an amended complaint in Oregon. Second, plaintiffs have never disputed that Save the Bull is in privity with Friends of the Wild Swan and Alliance for the Wild Rockies, which were both parties in the Oregon action.

Finally, the panel held that plaintiffs' challenge to the Plan was precluded because the Oregon litigation was a final judgment on the merits of their claims. A second adjudication is precisely what plaintiffs attempted here. That the Oregon district court applied the more stringent standard for relief from judgment in denying plaintiffs' post-appeal motion for leave to amend did not alter the panel's conclusion. The panel noted that contrary to plaintiffs' argument, the Oregon district court's dismissal of the original complaint reached the merits of those claims. Dismissal for failure to state a claim is a judgment on the merits for purposes of claim preclusion. The judgment on the merits became final and preclusive when plaintiffs abandoned their opportunity to amend.

Because the panel affirmed on the basis of claim preclusion, the panel did not pass judgment on the merits of plaintiffs' claims or the district court's assessment of them.

## COUNSEL

---

Rebecca K. Smith (argued), Public Interest Defense Center, Missoula, Montana; Timothy M. Bechtold, Bechtold Law Firm PLLC, Missoula, Montana; for Plaintiffs-Appellants.

Dina B. Mishra (argued), Kevin McArdle, Anthony D. Ortiz, and Robert P. Stockman, Attorneys; Todd Kim, Assistant Attorney General; Environment and Natural Resources Division, United States Department of Justice, Washington, D.C.; Frank S. Wilson, Linus Y. Chen, and Kara M. Borden, Attorneys, U.S. Department of the Interior, Washington, D.C.; for Defendants-Appellees.

Elizabeth B. Forsyth, Earthjustice, Seattle, Washington; Timothy J. Preso, Earthjustice, Bozeman, Montana; for Amici Curiae Center for Biological Diversity, Defenders of Wildlife, and Sierra Club.

**ORDER**

The opinion in the above-captioned matter filed on September 28, 2022, and published at 49 F.4th 1292, is amended as follows:

At slip opinion page 13 lines 10–20, replace < Second, Save the Bull Trout is in privity with Friends of the Wild Swan and Alliance for the Wild Rockies, which were both parties in the Oregon action. Plaintiffs have never disputed that the three organizations share the required common interest in wildlife and habitat conservation. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("[P]rivity may exist if 'there is substantial identity between parties, that is, when there is sufficient commonality of interest.'" (quoting *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983))).> with <Plaintiffs have never disputed that Save the Bull Trout is in privity with Friends of the Wild Swan and Alliance for the Wild Rockies, which were both parties in the Oregon action. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081–82 (9th Cir. 2003) (detailing the requirements of privity between parties).>

HAWKINS, Circuit Judge:

Plaintiffs Save the Bull Trout, Friends of the Wild Swan, and Alliance for the Wild Rockies challenge the United States Fish and Wildlife Service's ("Service") 2015 Bull Trout Recovery Plan under the citizen-suit provision of the Endangered Species Act ("ESA"). It is not Plaintiffs' first time bringing such a challenge.[1] After the Oregon district court dismissed their initial complaint alleging claims concerning the Plan, Plaintiffs elected not to amend to fix the deficiencies identified in the court's order. Instead, Plaintiffs appealed, and only after losing on appeal did they pursue amending their complaint. The Oregon district court denied their motion to amend, finding no grounds for reopening the judgment. Rather than appealing that determination, Plaintiffs initiated a new action in the District of Montana, pressing the same fundamental challenge to the legality of the Bull Trout Recovery Plan.

We conclude that Plaintiffs' claims are precluded and accordingly affirm the Montana district court's judgment in favor of the Service.

## BACKGROUND

The ESA is "a comprehensive scheme with the 'broad purpose' of protecting endangered and threatened species." *Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, 698 F.3d 1101, 1106 (9th Cir. 2012) (quoting *Babbitt v. Sweet Home*

---

[1] As explained below, while Save the Bull Trout was not part of the Oregon litigation, Plaintiffs have never disputed that it is in privity with Friends of the Wild Swan and Alliance for the Wild Rockies.

*Chapter of Cmtys. for a Great Or.*, 515 U.S. 687, 698 (1995)). The ESA's citizen-suit provision empowers "any person" to "commence a civil suit on his own behalf" against "the Secretary where there is alleged a failure of the Secretary to perform any act or duty under section 1533 . . . which is not discretionary with the Secretary." 16 U.S.C. § 1540(g)(1)(C).

The Act requires the Service to develop a recovery plan "unless [the Secretary] finds that such a plan will not promote the conservation of the species." *Id.* § 1533(f)(1). It further instructs that in a recovery plan, the Service "shall, to the maximum extent practicable," incorporate the following:

> (i) a description of such site-specific management actions as may be necessary to achieve the plan's goal for the conservation and survival of the species;
> (ii) objective, measurable criteria which, when met, would result in a determination, in accordance with the provisions of this section, that the species be removed from the list; and
> (iii) estimates of the time required and the cost to carry out those measures needed to achieve the plan's goal and to achieve intermediate steps toward that goal.

*Id.* §§ 1533(f)(1)(B)(i)–(iii). When a species has recovered such that it is no longer threatened or endangered, the Secretary has authority to delist that species by publishing notice of a proposed regulation that concludes delisting is appropriate in light of the same five factors considered for listing. *Id.* § 1533(c)(2)(B); *see id.* § 1533(a)(1).

Bull trout (Salvelinus confluentus) are native to waters of western North America. All populations of bull trout in the coterminous United States have been listed as threatened since November 1999. After several draft recovery plans and a suit challenging the Service's failure to finalize a plan, the Service released the Bull Trout Recovery Plan in 2015. Briefly stated, the Plan's recovery strategy focuses on "effectively manag[ing]" primary threats across designated core areas in six recovery units, which are bull trout population units across different geographical areas.

Two of the three Plaintiffs here, Friends of the Wild Swan and Alliance for the Wild Rockies (collectively, "Friends"), previously brought suit in the District of Oregon, also challenging the 2015 Bull Trout Recovery Plan. The Oregon district court determined that Friends failed to state a claim for violation of a nondiscretionary duty and noted that "[t]he consequence of this particular type of failure to state a claim is that this Court lacks jurisdiction over the claims under the citizen-suit provision." *Friends of the Wild Swan, Inc. v. Thorson*, 260 F. Supp. 3d 1338, 1343 (D. Or. 2017). Accordingly, the court dismissed the ESA claims for lack of jurisdiction but granted Friends leave to amend. *Id.* at 1345. Friends declined to amend, and the Oregon district court entered judgment.

Friends then appealed the Oregon dismissal to this Court, and we affirmed. *Friends of the Wild Swan, Inc. v. Dir. of United States Fish & Wildlife Serv.*, 745 F.

App'x 718 (9th Cir. 2018). On appeal, Friends argued for the first time that the Service failed to perform a nondiscretionary duty to account for the five statutory delisting factors in the Plan's recovery criteria ("Additional Claims"). *Id.* at 720. We refused to address these Additional Claims, noting that Friends had declined the opportunity to amend their complaint in the district court and instead chose to appeal. *Id.*

Friends then returned to the Oregon district court and filed a motion under Federal Rules of Civil Procedure 60(b) and 15, seeking to amend their complaint to assert the Additional Claims. The magistrate judge found that Plaintiffs could not meet the Rule 60(b) standard to set aside the judgment and accordingly recommended denial of their motion. However, the magistrate judge suggested that a denial "[would] not effectively dismiss [Friends'] claims with prejudice" and that Friends could "replead their first eight claims to survive a motion to dismiss, and then be heard on the merits." The district court adopted the magistrate judge's findings and recommendation "in full" but declined Friends' request to affirm the magistrate judge's comments about the effect of the decision on a future suit. The court found that the magistrate judge "made no predetermination of [Friends'] ability to be heard on the merits" of a new complaint.

Friends declined to appeal the denial of their motion to amend. Instead, they added Save the Bull Trout as a plaintiff and initiated a new action, this time in the

District of Montana, again challenging the Service's compliance with the ESA in creating the 2015 Bull Trout Recovery Plan. Although the Montana district court denied the Service's motion to dismiss on the basis of claim preclusion, finding that the Oregon litigation was not a "final judgment on the merits," the court later granted summary judgment in favor of the Service on the merits of Plaintiffs' challenges. The court found that the Service met its obligation to include "objective, measurable criteria" in the Plan and rejected Plaintiffs' statutory interpretation arguments.

Plaintiffs timely appealed.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291. We apply a de novo standard of review to standing, *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 705 (9th Cir. 2020), along with claim preclusion, *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019).

## DISCUSSION

We first address the Service's challenge to Plaintiffs' standing to sue before explaining why Plaintiffs' claims are precluded.

### I. STANDING

Friends of the Wild Swan and Alliance for the Wild Rockies have standing to challenge the 2015 Bull Trout Recovery Plan.[2] An organization has standing to sue on behalf of its members where "its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). Only the first element is disputed. To meet Article III's standing requirements, a plaintiff must show:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 180–81; *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

Plaintiffs here assert a procedural injury, which requires them to show "that the procedures in question are designed to protect some threatened concrete interest of [theirs] that is the ultimate basis of [their] standing." *Salmon Spawning &*

---

[2] While Save the Bull Trout did not submit standing declarations, as Friends did, "in an injunctive case this court need not address standing of each plaintiff if it concludes that one plaintiff has standing." *See Townley v. Miller*, 722 F.3d 1128, 1133 (9th Cir. 2013) (quoting *Nat'l Ass'n of Optometrists & Opticians LensCrafters, Inc. v. Brown*, 567 F.3d 521, 523 (9th Cir. 2009)).

*Recovery All. v. Gutierrez*, 545 F.3d 1220, 1225 (9th Cir. 2008) (quoting *Citizens for Better Forestry v. U.S. Dep't of Agric.*, 341 F.3d 961, 969 (9th Cir. 2003)). After a procedural injury has been established, the requirements of causation and redressability are "relaxed." *Id.* at 1229. Plaintiffs have standing if "there is some possibility that the requested relief will prompt the injury-causing party to reconsider" its actions. *Massachusetts v. E.P.A.*, 549 U.S. 497, 518 (2007).

Friends of the Wild Swan and Alliance for the Wild Rockies have standing. Their member declarations establish ongoing aesthetic, recreational, and conservation interests in bull trout. *See Lujan*, 504 U.S. at 562–63 ("[T]he desire to use or observe an animal species, even for purely esthetic purposes, is undeniably a cognizable interest for purpose of standing."). The procedures outlined in Section 1533(f) of the ESA serve to protect these interests by requiring the creation and implementation of a bull trout recovery plan, which the Service describes as "one of the most important tools to ensure sound scientific and logistical decision-making throughout the recovery process."

Because Plaintiffs have established a procedural injury, they have standing as long as there is "some possibility" that the requested relief—revision of the Bull Trout Recovery Plan—will redress their alleged harms. *See Massachusetts*, 549 U.S. at 518. This benchmark is clearly met. The Service calls recovery plans "a road map for species recovery," laying out "where we need to go and how best to

get there." While recovery plans ultimately do not bind the Service, *see Conservation Cong. v. Finley*, 774 F.3d 611, 614 (9th Cir. 2014), Plaintiffs need only show that a new plan "may influence" the Service's actions with respect to bull trout conservation, *see Salmon Spawning*, 545 F.3d at 1226–27 (noting that redressability of a procedural injury can often be established "with little difficulty"). Plaintiffs have met this mark.

## II. CLAIM PRECLUSION

Claim preclusion is a doctrine that "bars a party in successive litigation from pursuing claims that 'were raised or could have been raised in a prior action.'" *Media Rts.*, 922 F.3d at 1020 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)) (formatting omitted). It serves to "protect against 'the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)) (formatting omitted). Claim preclusion applies where "the earlier suit (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)) (formatting omitted). The party seeking to invoke claim preclusion bears the burden of establishing these elements. *Media Rts.*, 922 F.3d at 1020–21.

As a threshold matter, the Service was not obligated to file a cross-appeal to raise this issue before us. A cross-appeal is necessary only where a party "attack[s] the decree" of the lower court either to enlarge its own rights or lessen the rights of an adversary. *Jennings v. Stephens*, 574 U.S. 271, 276 (2015) (quoting *United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924)). Here, the Service offers claim preclusion as an alternate basis for affirming the district court's judgment. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (noting the court "may affirm on any ground supported by the record"); *see also Jennings*, 574 U.S. at 276 (noting argument without a cross-appeal may permissibly "involve an attack upon the reasoning of the lower court" (quoting *Am. Ry. Express*, 265 U.S. at 435)). Because the Service raised claim preclusion before the district court and in its briefing on appeal, this issue is properly before us.

**A. Claim Identity and Privity Are Met**

Before turning to the only disputed element—whether there was a final judgment on the merits in Oregon—we briefly address claim identity and privity.[3] Both elements are met. First, the claims at issue are the same: Plaintiffs challenge the legality of the 2015 Bull Trout Recovery Plan under Section 1533(f) of the ESA just as they did in the Oregon litigation. The Plaintiffs' Additional Claims rest on

[3] Plaintiffs failed to contest these elements before the district court or in their briefing before us.

theories that they indisputably could have included in an amended complaint in Oregon. *See Mpoyo*, 430 F.3d at 988 ("Different theories supporting the same claim for relief must be brought in the initial action." (quoting *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992))). Plaintiffs have never disputed that Save the Bull Trout is in privity with Friends of the Wild Swan and Alliance for the Wild Rockies, which were both parties in the Oregon action. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081–82 (9th Cir. 2003) (detailing the requirements of privity between parties).

With claim identity and privity met, we turn to the only disputed element: whether there was a final judgment on the merits in the Plaintiffs' suit in Oregon.

### B. There Was a Final Judgment on the Merits in Oregon

Plaintiffs' challenge to the 2015 Bull Trout Recovery Plan is precluded because the Oregon litigation was a final judgment on the merits of their claims. We have applied claim preclusion to bar the subsequent filing of claims that were subject to the denial of leave to amend even where the denial was based on dilatoriness rather than the merits. *Mpoyo*, 430 F.3d at 989. A contrary holding, we reasoned, would "create incentive for plaintiffs to hold back claims and have a second adjudication." *Id.* A second adjudication is precisely what Plaintiffs attempt here. Initially declining the opportunity to amend their Oregon complaint to add the Additional Claims, they instead decided to pursue an appeal. Only after losing on

appeal did they move to amend their complaint, but the district court denied that motion. It is immaterial that the court's decision was unrelated to the merits of the Additional Claims. *See Mpoyo*, 430 F.3d at 989.

That the Oregon district court applied the more stringent standard for relief from judgment in denying Plaintiffs' post-appeal motion for leave to amend does not alter our conclusion. *See Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (contrasting the "freely given" leave to amend with the "sparing[]" reopening of judgment (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)) (formatting omitted)). Friends' own strategic choices created that result. When they appealed the district court's original dismissal of their complaint rather than amending, Friends took on the risk that we would affirm and leave the judgment against them intact.[4] Now they must live with the consequences of their choice. *See Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 11 (1st Cir. 2010) ("[C]laim preclusion doctrine requires [a party] to live

---

[4] Plaintiffs make much of the Oregon magistrate judge's indication that despite the denial of leave to amend, Friends would be able to replead their ESA claims and be heard on the merits. This comment does not alter our conclusion for two reasons. First, the district court refused to reaffirm the statement as Friends requested, instead indicating that the magistrate judge "made no predetermination" of their ability to proceed in a new suit. This correction put Friends on notice that they should not rely on the magistrate judge's assessment. Second, as the Supreme Court has noted, "[A] court adjudicating a dispute may not be able to predetermine the res judicata effect of its own judgment." *See Medellin v. Texas*, 552 U.S. 491, 513 n.9 (2008) (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 805 (1985)). Such was the case here.

with [its strategic] choices."). Appeal was the "only recourse" available to Friends after the district court denied their motion to amend. *See Johnson v. SCA Disposal Servs. of New England, Inc.*, 931 F.2d 970, 976 (1st Cir. 1991). Yet they declined to appeal, instead initiating a new action.

Finally, we note that contrary to Plaintiffs' argument, the Oregon district court's dismissal of their original complaint reached the merits of those claims. The ESA's citizen-suit provision only confers jurisdiction over challenges alleging the Service's failure to perform a nondiscretionary duty. *See* 16 U.S.C. § 1540(g)(1)(C). As a result, federal courts must assess the merits of an ESA claim in order to determine their jurisdiction over it. *See Coos Cnty. Bd. of Cnty. Comm'rs v. Kempthorne*, 531 F.3d 792, 802–03 (9th Cir. 2008) (noting that in the ESA context, the Rule 12(b)(6) analysis of whether a plaintiff has stated a claim is concurrent with the Rule 12(b)(1) analysis of subject matter jurisdiction). In other words, the Oregon district court had to analyze whether Friends plausibly alleged that the Service failed to comply with a nondiscretionary duty in order to determine whether there was jurisdiction. The court's order clarifies the relationship between its merits determination and its jurisdictional determination: the court noted that "[t]he consequence of this particular type of failure to state a claim is that this Court lacks jurisdiction over the claims under the citizen-suit provision." *Friends of the Wild Swan*, 260 F. Supp. 3d at 1343. Dismissal for failure to state a claim is a judgment

on the merits for purposes of claim preclusion. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). The judgment on the merits became final and preclusive when Friends abandoned their opportunity to amend. *See Muhammad v. Oliver*, 547 F.3d 874, 876 (7th Cir. 2008) ("[W]hen a suit is abandoned after an adverse ruling against the plaintiff, the judgment ending the suit, whether or not it is with prejudice, will generally bar bringing a new suit that arises from the same facts as the old one.").

## CONCLUSION

Plaintiffs are not entitled to a do-over. They must bear the consequences of their strategic choices in the Oregon litigation. Because we affirm on the basis of claim preclusion, we pass no judgment on the merits of Plaintiffs' claims or the district court's assessment of them.

**AFFIRMED.**